UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

GOLDY HANDLER,

        Plaintiff,

                                                    File #

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION and CITY OF                       COMPLAINT
NEW YORK,                                           Plaintiff Demands Trial
        Defendants.                        By Jury
_____X

      The plaintiff, by her attorney, JAY M. WEINSTEIN, complaining of the defendants, sets forth upon information and belief as follows:

## JURISDICTION AND VENUE

      1. The plaintiff asserts that this Court has jurisdiction over this matter by reason of Title VII of the Civil Rights Act of 1964; the Equal Protection Clause of the 14th Amendment of the United States Constitution , 42 U.S.C section 1983; Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e; and various other provisions of federal law.

      2. The plaintiff asserts ancillary jurisdiction over all non-federal based claims asserted herein as related to the federal based claims.

      3. The causes of action arose within the venue of the United States District Court, Eastern District of New York,

## FACTUAL BACKGROUND

4. The plaintiff is a domicile of the State of New York, County of Kings.

5. The defendant, NEW YORK CITY DEPARTMENT OF EDUCAYTION, is an educational corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. The defendant, CITY OF NEW YORK, is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

7. That on or about January 2, 2025, and within ninety (90) days of the happening of the last incident as set forth herein, the plaintiff caused to be served and filed upon each defendant a Notice of Claim which set forth the following:

    a) the nature of the claim;

    b) the time and place where the claim arose;

    c) the manner in which the claim arose; and

    d) the items of injury and damage.

8. More than thirty (30) days have elapsed since the presentation of said claim, and the defendants have taken no steps in an effort to compromise or settle this claim.

9. That on June 17, 2025, the plaintiff appeared for and submitted to a hearing pursuant to General Municipal Law 50-h.

10. That this action was filed within one year and ninety (90) days since the happening of the last incident as set forth herein.

11. At all times herein mentioned the defendant owned, operated, managed, maintained, supervised and controlled a certain school known as Public School 181 which was and is located at 1023 New York Avenue, Brooklyn, County of Kings, New York.

12. That at all times herein mentioned the plaintiff was and is an Occupational Therapist employed by the defendants at the above location.

13. That as a pre-condition to the commencement of this action the plaintiff caused to be filed with the Equal Employment Opportunity Commission a complaint under File # 16GC502231

14. That on about June 18, 2025, the plaintiff requested of the Equal Employment Opportunity Commission the dismissal of the complaint filed by plaintiff for Administrative Convenience in order for the plaintiff to pursue her remedies in federal court.

15 That this action was commenced within 90 days of the request for the Administrative Dismissal.

16. The plaintiff is a Caucasian and an Orthodox Jewess. And she is one of the very few non-Black employees at the said school.

17. That commencing on or about November 14, 2023 and continuing until on or about December 18, 2024, the plaintiff was subjected to discriminatory conduct and harassment by the defendants by certain of its agents, servants and/or employees.

18. On November 14, 2023, and after the plaintiff had sustained an on-the-job injury at the said school, the plaintiff submitted an injury report and the required form executed by her doctor.

19. That as a result of the above injury the plaintiff missed four days from work at the school.

20. That subsequent to her return to work, on November 20, 2023, the plaintiff was called into the office of the principal, Victor Esannason, where she was falsely accused by the principal of "egregious lateness".

21. That prior to and on January 17, 2024, the plaintiff was demeaned and embarrassed by Jalesia Antoine who was a special education teacher at the said school.

22. That at the above time Ms. Antoine directed racially motivated and shameful comments towards the plaintiff while in the presence of students and paraprofessionals.

23. That the principal, Esannason and the assistant principal, Denise Joseph, excused Ms. Antonie harassing comments and behavior on the ground that "she was pregnant."

24. On February 28, 2024, the claimant reported to her outside supervisor, Donnette Williams, about an incident between the claimant and Jalesia Antoine.

25. False accusations had been made against the plaintiff.

26. When the plaintiff asserted that she had been the victim of discrimination, the defendants tried to dismiss the accusations because the plaintiff and Ms. Antonie were of "different cultures".

27. The aforementioned actions by the defendants were in violation of the directive of the Chancellor of the New York City Department of Education pertaining to antisemitism.

28. Upon information and belief, the Department of Education has and had a protocol in effect for employees who have or believe to have had suffered from COVID.

29. The said protocol was that when the employee returned to school he or she is only required to produce the results of an in-home COVID test that was distributed by the Department of Education.

30. On April 14, 2024, the plaintiff believed that she was suffering from COVID, and as a result she self-administered the DOE approved COVID test which showed that the plaintiff had COVID.

31. When the plaintiff returned to work with the results of the COVID test, and in violation of the DOE protocol, the administration of the school demanded that the plaintiff produce additional proof that she had COVID, although such was not the policy at other DOE schools and that such was not the policy for other employees at the said school.

32. From the time the plaintiff began working at the school she was subjected to bullying and other demeaning comments by Marlena Joseph, a part time occupational therapist with whom the plaintiff shared a working space.

33. As a result of the constant bullying, on May 23, 2024, a mediation session was held at the school.

34. That at the mediation, Ms. Joseph admitted to having called the plaintiff "evil."

35. Upon information and belief, Ms. Joseph explained that she had a "free speech right" to call the plaintiff "evil".

36. Ms. Jospeh stated that she was under no obligation to follow the written rules about conduct at the school.

37. Ms. Joseph was not admonished or otherwise punished for her comments and behavior.

38. As a result of the mediation, the plaintiff was transferred from the space that she shared with Ms. Joseph to a very noisy space near the entrance/exit to the school, and that the space was unsanitary, it lacked proper heating, nor did it have a window.

39. On September 12, 2024, the plaintiff requested of the principal a reasonable accommodation to be switched out of her room due to her difficulty in breathing and that she suffered from a chronic sinus condition and that her request to be switched was denied by the principal without any reason offered.

40. After making complaints, the plaintiff's request for a reasonable accommodation to be switched out of the windowless room which was eventually accommodated by the assistant principal

41. On October 15, 2024, the plaintiff was out sick for the first time in the 2024-2025 school year for a period of one day.

42. In violation of the DOE attendance policy, the said principal of the school required that the plaintiff produce a doctor's note for her one day absence.

43. The said attendance policy is applicable to a three day absence or other similar abuses.

44. The principal was abusive and demeaning, dismissing the matter by stating: "when we're sick we go to the doctor!"

45. That no other employee at the school was treated in a like or a similar manner.

46. In October, 2024 the plaintiff submitted a request for absence on October 24-25, 2024, as

those two dates were Jewish holidays for which work is forbidden for Orthodox Jews.

47. The said request was made timely but her requested was rejected.

48. The plaintiff did file a grievance with her union.

49. On December 19, 2024, the said principal determined that despite the plaintiff's religious beliefs, she was charged with "unauthorized unpaid days" for October 24-25, 2024.

50. On November 20, 2024, the plaintiff arrived at school ten minutes lates due to a fifteen minute subway delay that was ultimately verified by the school, and for which the plaintiff produced verification of the delay from the MTA.

51. The plaintiff verified with her union that if she was late by less than 15 minutes, and that the excuse had been verified, that her lateness would have to be excused.

52. That in violation of the said policy, the principal refused to recognize the lateness, stating that she" was not late enough" to be excused.

53. On December 13, 2024, the plaintiff was absent from school due to COVID-like symptoms, and she remained out of work until December 18, 2024, although she had tested negative for COVID.

54. That pursuant to DOE regulations, an employee is to receive up to three days of excused sick leave for documented COVID-like symptoms.

55. That despite providing to the school the proper documentation, the plaintiff was treated differently from all others similarly situated, and she was afforded but one excused day of sick leave.

56. The plaintiff has never been offered any "reasonable accommodation" for the working conditions as set forth herein..

57. That by reason of her race and her religious beliefs, she has treated unequally as compared to other employees as alleged herein.

58. That no other employee of the defendant was known to have been required to submit to the bullying, retaliation, and demands made to her in violation of the policies of the Department of Education, all as alleged herein.

59. That the defendants' refusal to offer to the plaintiff a reasonable accommodation, which was and is known to exist, as set forth herein, and in demanding of the plaintiff conditions that were not demanded of any other employee at the school was premised upon her race and/or her religious beliefs.

### AS AND FOR A FIRST CAUSE OF ACTION: VIOLATION OF PLAINITFF'S CIVIL RIGHTS PURSUANT TO THE EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION, 42 U.S.C 1983 et seq.

60. The plaintiff repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "59" inclusive, as if set forth in full herein.

61. That by reason of the actions of the defendants, both directly and by and through its employees identified herein, and while in the course of their respective employments, who were state

actors as defined by law, the plaintiff was the victim of outrageous, premeditated discriminatory conduct solely by reason of her race and her religious beliefs.

62, That the said discriminatory conduct and harassment of the plaintiff was done with malice and with the intent to do harm in violation of the laws of the United States.

63. As "state actors" the actions of the defendants, both directly and vicariously, were in violation of the Equal Protection Clause of the 14th Amendment of the United States Constitution and 42 U.S.C. 1983 et seq., and as such they are liable thereunder.

64. That by reason of the aforementioned the plaintiff has been caused to expend great sums of money for medical and mental health treatments together with other related expenses which continue to date and will continue into the future.

65. That by reason of the aforementioned the plaintiff has been damaged in amount of THREE MILLION ($3,000,000.00) DOLLARS.

66. That the plaintiff may recover her attorneys' fees costs and interest.

## AS AND FOR A SECOND CAUSE OF ACTION
## VIOLATOINS OF TITLE VII OF THE CIVIL RIGHT ACT OF 1964
## 42 U.S.C 2000e et seq,

67. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "66" inclusive as if set forth in full herein.

68. That the plaintiff has been caused to be victimized by bullying, harassment, demeaning conduct and by unequal treatment, all as alleged herein.

69. That the actions of the defendant, by its agents, servants and/or employees, in bullying, harassing, demeaning the plaintiff, in failing to treat her as an equal to all other employees, in violation of the policies promulgated by the defendants, and in failing and refusing to offer a reasonable accommodation to the plaintiff were all in violation of the plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e et seq. and other federal laws.

70. That by reason of the defendant's violation of the said statutes the plaintiff has been caused to incur damages, including but not limited to loss of backpay, loss of health care benefits, loss of pension benefits and other related benefits.

71. As a result of the aforementioned, the plaintiff has been further caused to sustain personal and psychological injuries, including but not limited to depression, anxiety, emotional distress and the like.

72.. That by reason of the aforementioned, the plaintiff has been damaged in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

73. That in addition thereto the plaintiff seeks the recovery of interest, costs, disbursements and attorneys' fees as permitted by law.

### AS AND FOR A THIRD CAUSE OF ACTION: VIOLATIONS OF LAWS OF THE STATE OF NEW YORK

74. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "73" inclusive as if set forth in full herein.

75. That the causes of action asserted herein occurred exclusively within the State of New York.

76. That by reason of the aforementioned actions of the defendants, by its agents, servants and/or employees the defendants have violated the plaintiff's rights pursuant to New York State Executive Law section 296 et seq.

77. That by reason of the aforementioned the plaintiff has been damaged in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

78. That in addition thereto the plaintiff seeks recovery of interest. costs, disbursements and attorneys' fees as permitted by law.

## AS AND FOR A FOURTH CAUSE OF ACTION
## VIOLATIONS OF LAWS OF THE CITY OF NEW YORK

79. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "78" inclusive as if set forth in full herein.

80. That the causes of action asserted herein occurred exclusively within the City of New York.

81. That by reason of the aforementioned actions of the defendant, by its agents, servants and/or employees, the defendants have violated the plaintiff's rights pursuant to the Administrative Code of the City of New York section 8-107 et seq.

82. That by reason of the aforementioned the plaintiff has been damaged in the amount of

THREE MILLION ($3,000,000.00) DOLLARS.

83. That in addition thereto the plaintiff seeks recovery of interest, cost, disbursements and attorney's fees as permitted by law.

### AS AND FOR A FIFTH CAUSE OF ACTION
### NEGLIGENT SUPERVISION AND TRAINING OF EMPLOYEES

84. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "83" inclusive as if set forth in full herein.

85. The defendants were under an obligation to properly supervise and train its employees, including the principal and his staff as well as its other employees at the subject P.S. 181.

86. That it is unknown whether the defendants did provide proper and appropriate supervision and training to its employees at P.S. 181 in the area of race and religious beliefs sensitivity.

87. That the defendants knew or should have known that the employees that are so named herein, all of whom are of the Black race, were required to receive supervision and training in race relations and sensitivity and religious beliefs relations and sensitivity especially with respect to the very few Caucasian and Jewish co-employees.

88. That the defendants were careless, reckless and negligent in failing and refusing to provide any such supervision and training to its employees at P.S. 181, including those employees who have been specifically identified herein, or that the supervision and training provided was inadequate under the circumstances.

89. That the plaintiff was in no way negligent with respect to the happening of the occurrences set forth herein.

90. That by reason of the aforementioned the plaintiff has been damaged in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

## AS AND FOR A SIXTH CAUSE OF ACTION
## NEGLIGENT HIRING AND RETENTION

91. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "90" as if set forth in full herein.

92. The defendants knew or should have known that its principal and other employees identified herein were unfamiliar with aspects of Caucasian history and the Jewish religion.

93. That the defendants may not have believed that the principal and the other employees identified herein were not persons of prejudice.

94. That from the time the defendants hired the principal and the other employees identified herein that they should have known that the principal and the other employees were racially insensitive and bigoted.

95. That while the defendants knew that the principal and the others identified herein were racially prejudiced and bigoted, the defendants failed and refused to take any reasonable and prudent steps to remove such racially prejudiced and bigoted persons from its employment.

96. That by failing to eradicate the racially prejudiced and bigoted principal and the other employees identified herein, the defendants approved of the hateful speech and the hateful policies

of the said employees.

97. The defendants knew or should have known that the racially prejudicial and insensitive employees such as the principal and the others identified herein could cause harm to the plaintiff, a Caucasian Orthodox Jewess.

98. That the plaintiff was in no way negligence with respect to this matter.

99. That by reason of the aforementioned the plaintiff has been damaged in the amount of THREE MILLION )$3,000,000.00) DOLLARS.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

100. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "99" inclusive, as if set forth in full herein.

101. That by the joint and/or several careless, reckless and negligent speech and behavior towards the plaintiff by the principal and the other employees identified herein, the plaintiff was caused to become mentally and emotionally distressed.

102. That the plaintiff was in no way negligent with respect to any of the incidents set forth herein.

103. That by reason of the aforementioned the plaintiff has been damaged in the amount of THREE MILLION ($3,000,000.00) DOLLARS

WHEERFORE the plaintiff demands judgment against the defendant as follows:

As and for the first cause of action in the amount of THREE MILLION ($3,000,000.00) DOLLARS;

As and for a second cause of action the amount of THREE MILLION ($3,000,000.00) DOLLARS;

As and for a third cause of action in the amount of THREE MILLION ($3,000,000.00) DOLLARS;

As and for a fourth cause of action in the amount of THREE   MILLION ($3,000,000.00) DOLLARS;

As and for a fifth cause of action in the amount of THREE MILLION ($3,000,000.00) DOLLARS;

As and for a sixth cause of action in the amount of THREE MILLION ($3,000,000.00) DOLLARS;

As and for a seventh cause of action in the amount of THREE MILLION ($3,000,000.00)) DOLLARS;

Together with interest from November 14,, 2023, the cost, disbursements and attorneys' fees as permitted by law.

Dated: Woodmere, New York
       July 7 , 2024

Respectfully submitted,

JAY M. WEINSTEIN
Attorney for Plaintiff
503 Longacre Avenue
Woodmere, New York 11598
(516) 965-9697
lawyerjmw@gmail.com

BY: _____
    JAY M. WEINSTEIN (JW6064)

FILE #
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GOLDY HANDLER

                Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION and
CITY OF NEW YORK,

                Defendants

---

**COMPLAINT**

---

JAY M. WEINSTEIN, ESQ.
Attorney for Plaintiff
503 Longacre Avenue
Woodmere, New York 11598-2307
(516) 965-9697

---

To:
Attorney for

---

Service of a copy of the within
is hereby admitted.
Dated:

Attorney for